MARCELLUS C. CHURCHILL *et al.*, Plaintiffs in Error, *v.* JOHN ABRAHAM, Defendant in Error.

### ERROR TO WINNEBAGO.

The obligee in an attachment bond may recover the damages he has actually sustained by the wrongful issuing of the writ, without having first brought suit to recover for the malicious act in suing it out.

The plaintiff in an attachment, cannot excuse himself, because he has acted in good faith.

THIS was an action of debt commenced by John Abraham against the above named appellants in the Winnebago county Circuit Court. The plaintiff below avers that on the 22nd of December, A. D. 1854, Huntington, Wadsworth and Parks, creditors of said plaintiff, sued out of the Winnebago county Circuit Court an attachment against the property of said plaintiff, in pursuance of the statute, on which occasion, for the purpose of procuring the issuing of said writ of attachment, the said Churchill, Huntington, Wadsworth and Parks executed their bond commonly called an attachment bond, in the penal sum of $755.16, subject to a condition there underwritten, whereby, after reciting to the effect following, that is to say, that, Whereas, the said Henry A. Huntington had on the day of the date of said bond prayed an attachment out of the County Court of said county, at the suit of the said Huntington, Wadsworth and Parks, against the estate of the said John A. Abraham, for the sum of three hundred and seventy-seven dollars and fifty-eight cents, the same being about to be sued out, returnable to the then next term of the court, gave the bond, etc., reciting the condition substantially, etc. ; that an attachment writ issued out of said court in favor of said Huntington, Wadsworth and Parks and against the estate of the said Abraham, to John F. Taylor, the then sheriff of said county, and that said sheriff levied upon and took the goods and chattels described in the declaration, being the property of the plaintiff, and that afterwards such proceedings were had in said suit that said writ of attachment was quashed and judgment recovered therein in favor of said Abraham and against Huntington, Wadsworth and Parks—and the breaches assigned, are, that the said Huntington, Wadsworth and Parks did not prosecute their said suit with effect, but on the contrary thereof, have wholly failed therein, and that by reason of the wrongful issuing of said attachment writ, the said Abraham has been forced and obliged to lay out and expend, and did necessarily and unavoidably pay, lay out and expend large sums of money in and about the defense of said attachment suit and proceeding, and in procuring counsel and advice in relation thereto, amounting, in all, to the sum of one thousand dollars. Then follows the averment that the said Huntington, Wadsworth and Parks, nor have either of them, nor has any one of them, paid to the said plaintiff all such costs and damages as should be awarded against the said defendants, nor any part thereof, and that the defendants have not paid to the plaintiff all damages and costs which he has sustained by reason of the wrongful suing out of said attachment writ, whereby the said defendants have become liable to pay the debt in this suit demanded.

Churchill et al. *v.* Abraham.

The defendants filed the plea of *non est factum*, and also three special pleas.

To the plea of *non est factum* plaintiff filed a *similiter*, and to the 2nd, 3rd and 4th pleas a general demurrer.

The court sustained the demurrer, and leave was granted to amend and to file an additional plea.

Defendants filed amendment to 2nd, 3rd and 4th pleas, and at the same time filed in said cause a 5th or additional plea, as follows :

And the said defendants, for a further plea in this behalf, say *actio non*, because, they say that the said plaintiff heretofore, to wit, on the 15th day of August, in the year 1855, commenced a suit in the Winnebago county Circuit Court, in and for said county of Winnebago, against the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks, wherein the said plaintiff, impleaded with the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks, in an action of trespass on the case, and afterwards, to wit, at the February term of said court, held in and for said county of Winnebago, issue was joined in said cause, wherein and whereby the said plaintiff claimed to recover of and from the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks, damages to the amount of five thousand dollars, for and on account of the same identical cause of action in the said plaintiff's declaration mentioned, and such proceedings were thereupon had in said court, in said action, that afterwards, to wit, at the same term, said suit was tried by a jury and their verdict rendered against the said plaintiff, in favor of the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks. Whereupon, by the consideration of the said court, the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks then and there recovered judgment against the said John Abraham, for the costs and charges in that behalf expended ; whereof the said John Abraham was convicted, as by the record and proceedings thereof, still remaining in said Winnebago county Circuit Court, more fully and at large appeared, which said judgment still remains in full force and effect, not in the least reversed, satisfied or made void ; and this the said defendants are ready to verify by the said record. Wherefore they pray judgment, etc.

The plaintiff demurred to second, third and fourth amended pleas, which was sustained as to the third and fourth.

There was a trial by jury and a finding for plaintiff below of debt, seven hundred and fifty-five dollars and sixteen cents, and damages, seven hundred and fifty-five dollars and sixteen cents. Thereupon the defendants moved the court for a new trial herein.

The defendants also moved in arrest of judgment.

On the trial of said cause, to prove the issues on his part, the plaintiff introduced and read in evidence the affidavit of said Henry A. Huntington, made and filed in said attachment suit, setting forth that the said Abraham was indebted to said Huntington, Wadsworth and Parks, in the sum of $377.58, and that he was about to remove his property from this State to the injury of said Huntington, Wadsworth and Parks, and also the writ of attachment issued in said suit, with the sheriff's return indorsed thereon, wherein he said he had levied upon divers goods, stating them ; also the declaration in assumpsit filed in said action, with a copy of the note and the amount declared on, and also a plea in abatement, filed by the defendant therein, denying that he, the said defendant, was about removing his property from this State to the injury of the plaintiffs in said suit, and the replication taking issue thereon, and the record of the trial of said cause by a jury, and a verdict rendered in favor of the defendant thereon, and a judgment rendered in favor of said Abraham, defendant, dismissing said writ of attachment. And the plaintiff offered and read in evidence the bond filed in said cause.

The plaintiff then introduced two witnesses, who testified that they were present when the plaintiff, Taylor, took the goods described in his return, indorsed on said writ of attachment ; that plaintiff was then carrying on the merchant tailoring business at Rockford, and that said goods constituted his main stock in trade ; that the removal of said goods principally broke up his business and was a serious injury to him ; that one witness assisted sheriff in making an inventory of said goods, and that the inventory amounted to $987.

The most of them were afterwards sold by the sheriff at a public sale ; that plaintiff was then doing a business of from $8,000 to $10,000 a year, and was entirely broken up by the attachment writ ; that said goods were all subsequently sold by the said sheriff, at a public sale, except a few which were afterwards boxed up, and which would not exceed in value twenty or thirty dollars.

The defendants introduced in evidence, the recovery of a judgment in the Cook County Court of Common Pleas, on the 12th day of September, A. D. 1855, in favor of said Huntington, Wadsworth and Parks, and against said John Abraham, in an action of assumpsit, for the sum of $349.13, and an execution issued thereon on the 13th of September, 1855, to the sheriff of Winnebago county, and a levy upon the identical property, taken under the attachment writ, by John F. Taylor, and a sale, made by said Taylor under said execution, on the 2nd of Novem-

ber, 1855, of most of said goods, for $368.09, being amount of said judgment, interest and costs.

To sustain the second and fifth pleas, the defendants offered in evidence the verdict and record of a suit instituted in the Winnebago county Circuit Court, by the said John Abraham, against the said Huntington, Wadsworth and Parks, the same being an action on the case. The plaintiff, John Abraham, in that suit avers that before and at the time of suing out the writ of attachment thereinafter mentioned, he was a merchant tailor at Rockford, in the county of Winnebago, and that at the time of the suing out of said attachment suit he was not about to remove his property from this State to the injury of said Huntington, Wadsworth and Parks, nor was he about to depart from this State, with the intention of having his effects removed from this State. Yet the said defendants, Huntington, Wadsworth and Parks, to harass, oppress, impoverish and wholly ruin him, on the 22nd day of December, A. D. 1854, without any reasonable or probable cause whatsoever, falsely, fraudulently and maliciously caused an affidavit to be filed in the office of the clerk of the County Court of Winnebago county, falsely charging that the said plaintiff was then about to remove his property from this State, to the injury of said Huntington, Wadsworth and Parks, and that the said plaintiff was then about to depart from this State, with the intention of having his effects removed from this State, and that the said Huntington, Wadsworth and Parks, then and there maliciously, without any reasonable or probable cause, caused to be issued out of, and under the seal of said court, a writ of attachment directed to the sheriff of said county of Winnebago, commanding him, etc., and that afterwards and at the June term of said court, such proceedings were had in said suit, that the said writ of attachment was by the judgment and consideration of said court quashed. And that by reason of said false, fraudulent and malicious suing out of said attachment writ against him, said plaintiff had been deprived of his goods, merchandise and property, so taken upon said attachment and converted by said defendants, to the value of $3,000 ; that by that means, his business was broken up and destroyed, and that his credit was thereby impaired and destroyed by said defendants. The second count is like the first, for suing out a writ of attachment on the day and year aforesaid, without any reasonable or probable cause, and caused to be taken on this attachment writ the goods, merchandise and personal property of the plaintiff, of the value of $3,000, and there is a further averment that said writ was subsequently and at the June term of said court, quashed, and claims damages to the amount of $5,000.

That the defendants, Huntington, Wadsworth and Parks, appeared in said suit and filed, first, a plea as the general issue, and second, that said writ of attachment was issued without malice on the part of the defendants, and for reasonable and proper causes. Upon which plaintiff took issue, and concluded to the country.

The cause was tried by a jury, March 3rd, A. D. 1856, and the record showed a verdict and judgment rendered thereon, in favor of the defendants below.

The defendants at the same time then offered and proposed to prove that the same evidence was given by the plaintiff in respect to damages in that suit, as was given by him in this suit, to the introduction of which record, and giving of which testimony, the plaintiff objected. The court sustained the objection, and the defendants excepted.

The defendants moved for a new trial, which motion was overruled.

The defendants moved in arrest of judgment, on the ground that the declaration contains no averment that the plaintiff had recovered any judgment against the said Henry A. Huntington, Philip Wadsworth and Calvin C. Parks, for wrongfully suing out said attachment, and because said declaration does not contain sufficient averments to warrant said verdict, which motion the court overruled.

And the plaintiffs in error assign for error, the decision of the court in refusing testimony offered by the defendants in said suit, to show that the same testimony was given in the suit set forth in defendants' second plea, in respect to damages, as was given in this suit.

The decision of the court, in overruling said defendants' motion for a new trial of said cause.

In overruling defendants' motion in arrest of judgment.

The rendition of judgment in favor of said plaintiff, and against the said defendants.

In sustaining the demurrer to the second, third and fourth pleas.

In rejecting the record of the former trial in the Winnebago Circuit Court, offered under the second and fifth pleas.

In rendering judgment for $755.16 damages, without proper assignment of breaches in the condition of the bond to warrant it.

In the finding of the jury, and the rendition of judgment thereon.

In sustaining the general demurrer to the third and fourth amended pleas, and overruling it as to the second amended and fifth additional pleas.

In sustaining demurrers to the third and fourth amended pleas.

In overruling the objections to the reading of the record of the attachment suit, in evidence.

T. HOYNE, and C. C. PARKS, for Plaintiffs in Error.

J. L. LOOP, for Defendant in Error.

CATON, C. J.    The attachment bond in this case, is drawn in the precise form required by our statute, and it has never been held that the obligee could not recover the amount of the damages actually sustained by the wrongful suing out of the attachment, until he has brought an action for maliciously suing out the writ and recovered a judgment for the damages sustained, for the malicious act.    Our statute intends to afford a remedy to the defendant in attachment, if the attachment is not sustained, although it may have been sued out in good faith, and upon probable cause.    If the party could only sue upon the bond after he had recovered a judgment for a malicious attachment, he might sustain the most serious loss by the wrongful act of the plaintiff even where it was not malicious.    The plaintiff in attachment cannot excuse himself because he acted in good faith.    If he occasions damage by an attachment which he cannot sustain, he and his sureties should and must be responsible for those damages.    Although the wording of the bond as prescribed by the statute, does not express the liability in language as clear as might have been selected, its meaning has been long and well settled in this State, and we should not, were the language even more doubtful, feel at liberty to disturb it.

Although the goods may have been sold on an execution after they were seized under the attachment, that cannot alter the measure of liability arising by reason of the wrongful suing out of the attachment.    The judgment must be affirmed.

*Judgment affirmed.*