JOHN M. BROWN

*v.*

JAMES B. GORTON *et al.*

ACTION ON INJUNCTION BOND — *when the award of damages should be made.* It is not essential, to authorize a recovery upon an injunction bond, that the costs and damages should be awarded upon the dissolution of the injunction. A recovery in an action upon the bond would be an award of damages within the condition.

WRIT OF ERROR to the Circuit Court of the county of Lake; the Hon. GEORGE MANIERRE, Judge, presiding.

This was an action of debt instituted in the court below,

by John M. Brown against James B. Gorton and John H. Cotes, upon an injunction bond, in which was the following condition :

" The condition of the above obligation is such, that whereas, the above named James B. Gorton has this day filed in the office of the clerk of the Circuit Court of Lake county, aforesaid, his bill of complaint on the chancery side of said court, against the above named John M. Brown, as defendant, praying, among other things, that an injunction may be issued out of and under the seal of said court, to restrain the said Brown from doing certain acts and things in said bill of complaint particularly mentioned. And whereas, also, a writ of injunction is about to issue out of said court, in pursuance of an order of the master in chancery of the said county of Lake, which is indorsed upon the said bill of complaint, agreeably to the prayer of said bill. Now, therefore, if the said James B. Gorton shall well and truly pay, or cause to be paid, to the said John M. Brown, his heirs, executors, administrators or assigns, all such damages and costs as shall be awarded against him, the said Gorton, in case the said injunction shall be dissolved, then this obligation to be void, otherwise to be and remain in full force and effect."

The declaration was objected to on demurrer, because it contained no averment that any costs or damages were awarded against the defendants upon the dissolution of the injunction. The demurrer was sustained in the court below, and a judgment for costs was entered in favor of the defendants. The plaintiff thereupon sued out this writ of error, and presents the question, whether it is necessary, in order that a recovery may be had upon an injunction bond, that the damages and costs should be awarded upon the dissolution of the injunction.

Mr. W. S. SEARLS, for the plaintiff in error.

Messrs. GLOVER, COOK & CAMPBELL, for the defendants in error.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

This was an action on an injunction bond, conditioned in the form specified in the statute. The defense presented is, that upon the dissolution of the injunction, the court awarded no damages or costs to be paid by the complainant to the defendant in that suit, for having wrongfully sued out the injunction. The case of *Hibbard et al.* v. *McKindley et al.*, 28 Ill. 240, is precisely in point, and decides this question against the obligors, and we see no reason to change our opinion as there expressed.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*