LEWIS L. SHARPE

*v.*

W. J. MORGAN & COMPANY.

*Filed at Ottawa, January 19, 1893.*

1. ATTACHMENT — *recognizance by defendant* — *its purpose and effect.* The purpose and effect of giving a recognizance by the defendant in attachment, as provided in section 15 of the Attachment act, is to enable the defendant to obtain control of the property attached or in the hands of garnishees, upon giving security for the payment of the judgment to be recovered in the attachment suit. Upon giving the bond or recognizance, the case proceeds *in personam* and the judgment entered is a personal judgment, the recognizance standing as security for its payment.

2. SAME — *liability of surety therein* — *judgment against administrator.* The surety in a recognizance given to release the property attached, or to release the garnishee from liability, becomes liable to pay the judgment that may be recovered against the administrator of the defendant in the action on final trial thereof. In such case the judgment against the personal representative of the sole defendant in the

same proceeding is a judgment against such defendant within the meaning of the statute.

3. SAME — *not abated by death of defendant.* By section 11 of the Abatement act the death of the sole defendant does not abate the action in cases where the cause of action survives, but, upon suggestion of the death, summons may issue against his administrator and the cause will then proceed as if the same had been originally commenced against him.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action of assumpsit by W. J. Morgan & Company against James Allison, and by an attachment, which was served upon garnishees. The defendant, with Lewis L. Sharpe, entered into recognizance in open court conditioned that the defendant would pay to the plaintiff whatever judgment might be rendered against the defendant upon final trial with costs, etc., within ninety days after judgment.

Before trial and judgment the defendant Allison died, and Henry A. Foster, his administrator, was made defendant, and on the final trial the plaintiff recovered judgment against the administrator for $797.60 and for costs, which, not being paid within ninety days, the plaintiff sued out a writ of *scire facias* upon the recognizance against Sharpe, the surety, who pleaded *nul tiel record* as to the recognizance. To this plea the plaintiff replied " that there is such record of the said recognizance remaining in the said Superior Court of Cook county, in the words and figures following," setting out the record of the recognizance in full. The defendant demurred to this replication, assigning the following special causes :

"*First.* The recognizance set out in the said replication is an entirely other and different recognizance than that described in the *scire facias* heretofore filed herein.

" *Second.* That said replication contains new matter and concludes to the court.

"*Third.* That said replication contains an entirely other and different ground of action from that stated in the *scire facias* heretofore filed herein."

The demurrer was overruled, and the defendant standing by his demurrer, the cause was tried upon the issues by the court without a jury, and the court found the issues for the plaintiff. The defendant then filed a motion for a new trial, assigning causes as follows :

"*First.* The court admitted on the trial on the *scire facias* improper evidence on the part of the plaintiff, that is to say, the court admitted in evidence on the trial on said *scire facias* a recognizance other and different from that described in said *scire facias.*

"*Second.* The court admitted in evidence on the trial on said *scire facias* the record of a judgment other and different from that required by the condition in the said recognizance so offered in evidence.

"*Third.* There is no evidence in this case of the forfeiture of the recognizance before the issuing of the *scire facias* thereon.

"*Fourth.* There is no evidence in this case tending to show the death of James Allison, or the substitution of an administrator as a party defendant in the original suit in which said *scire facias* issued.

"*Fifth.* There is no evidence in this case tending to show that the judgment alleged in the said *scire facias* was recovered in the case in which the said recognizance was entered into.

"*Sixth.* The recognizance offered in evidence in this case is conditioned to pay whatever judgment might be rendered against James Allison only, while the judgment alleged in the *scire facias* is against Henry A. Foster, his administrator.

"*Seventh.* The finding of the court on the said trial on the said *scire facias* is contrary to the law and the evidence."

Which was overruled by the court.

The defendant also filed a motion in arrest of judgment, which was also overruled.

Messrs. CONDEE & ROSE, for the appellant:

The liability of a surety can not be extended by implication beyond the terms of his contract; to the extent, in the manner, and under the circumstances pointed out in his obligation he is bound, and no further. Brandt on Suretyship and Guaranty, 134; Baylies on Sureties, 144; *Miller v. Stewart,* 9 Wheat. 703; *State v. Medary,* 17 Ohio, 565; *Myers v. Parker,* 6 Ohio St. 501; *Phillips v. Wells,* 2 Sneed, 153; *Field et al. v. Rawlings,* 1 Gilm. 582; *State v. Tompkins,* 74 Ill. 482; *Cooper v. People,* 85 id. 417; *Mix v. Singleton,* 86 id. 194; *Phillips v. The Singer Mfg. Co.,* 88 id. 305; *Dodgson v. Henderson,* 113 id. 360; *Trustees of Schools v. Sheik et al.,* 119 id. 579; *The Burlington Ins. Co. v. Johnson,* 120 id. 622; *Vinyard v. Barnes,* 124 id. 346.

The law is the same whether the bond be statutory or otherwise. Drake on Attachment, sec. 325; *Andrew v. Fitzhugh,* 17 Mich. 93; *Quillen v. Arnold,* 12 Nev. 234; *Richards v. Stover,* 114 Mass. 101; *Tucker v. White,* 5 Allen, 322; *Simson v. Cransen,* 121 Mass. 492; *Sharp v. Bedell,* 5 Gilm. 88; *McCluskey v. Cromwell,* 11 N. Y. 593; *Young v. Mason,* 3 Gilm. 55; *Nofsinger v. Hartnett,* 84 Mo. 549; *Wood v. Fisk,* 63 N. Y. 245; *Davis v. Van Buren,* 72 id. 587; *Reynolds v. Hall,* 1 Scam. 35; *Governor v. Thomas,* 43 Ill. 134.

When there is a condition precedent, there can be no liability until such condition is fulfilled. Bishop on Contracts, sec. 586; *Oakly v. Morton,* 1 Kern. 25; *Bruce v. Snow,* 20 N. H. 484.

The doctrine of condition precedent applied to statutory attachment bonds. *Payne et al. v. Able,* 6 Bush, 344; *Odell v. Wootten,* 38 Ga. 223; *Martin v. Kilbourn,* 68 Tenn. 331; *Carpenter v. Turrell,* 100 Mass. 450; *Hamilton v. Bryant,* 114 id. 543.

The fact that a descriptive word or phrase is added to a party's name in a judgment does not prevent the judgment

25—144 ILL.

from being a personal one ; the addition is merely surplusage. Black on Judgments, sec. 24 ; *John Doe, ex dem., etc.,* v. *Richard Roe, casual ejector, etc.,* 51 Ga. 482 ; *Hall et al.* v. *Craige,* 68 N. C. 305 ; *Dougherty* v. *McManus,* 36 Iowa, 657 ; *Powers* v. *Briggs,* 79 Ill. 493 ; *Trustees, etc.,* v. *Rautenberg,* 88 id. 219.

Departure in a replication is bad on demurrer. Gould's Pleadings, p. 422.

Mr. James Fanning Latham, for the appellee :

Upon giving the recognizance, the proceedings ceased to be one *in rem* and became one *in personam,* the recognizance standing as a security for any personal judgment that might be obtained. *Hill* v. *Harding,* 93 Ill. 77.

This action did not abate on the death of Allison, but on the suggestion of his death, summons being issued against his administrator, proceeded against such administrator " as if it had been originally commenced against him.'' Section 11, chapter 1 of " Revised Statutes."

The undertaking of the appellant was statutory ; the recognizance was made in view of these statutes, and in legal contemplation they entered into and formed a part of it. *Love* v. *Fairfield,* 5 Gilm. 303 ; *Churchill* v. *Abraham,* 22 Ill. 455 ; *Hibbard* v. *McKindley,* 28 id. 240–255.

There is a distinction between a common law bond and one prescribed by statute; as to the first, the liability of the obligors is limited by the language of the condition ; as to the second, the condition will be construed so as to have the effect intended by the statute, because the statute enters into and is part of the instrument. *Hibbard* v. *McKindley, supra.*

We have examined the cases cited by appellant, in which, because of a change in the proceedings, the sureties upon statutory bonds were held to have been released. In each of them the change of parties was brought about by the procurement of the plaintiff. The obligation of the obligors upon a stat-

utory recognizance is well stated in *Bean* v. *Parker*, 17 Mass. 602, quoted in *Quillon* v. *Arnold*, 12 Nev. 234–245, cited by appellant.

When he enters into his contract he pledges himself, on certain contingencies, to pay whatever may be recovered in the usual course of law in the action to which his bond refers. *Leonard* v. *Spiedel*, 104 Mass. 556 ; *Sanderson* v. *Stevens*, 116 id. 133 ; *Campbell* v. *Brown*, 121 id. 516 ; *Dalton* v. *Barnard*, 150 id. 473.

Sureties are not discharged by an amendment of the summons so as to reach a third defendant. *Christal* v. *Kelley*, 88 N. Y. 285.

Nor by an amendment of pleading not affecting their obligation. *U. S.* v. *Moseley*, 7 Saw. C. C. 265.

Nor by an amendment of one count of a declaration if the attachment holds good on another. *Warren* v. *Lord*, 131 Mass. 560.

The bond would not be affected by the dismissal of one of the defendants to the suit. *Poole* v. *Dyer*, 123 Mass. 363.

It has been held that a mistake in the bond, by which the writ was described as having been issued from the Circuit Court instead of the District Court, can not avail the surety so as to release him from his obligation. *Ripley* v. *Gear*, 58 Iowa, 460.

Allison, the original defendant in the attachment proceedings, dies before judgment. The cause does not abate thereby, but under our statute proceeds against the decedent's administrator, " as if it had been originally commenced against him." R. S., sec. 11, chap. 1.

This section of the Abatement act applies especially to attachment proceedings. *Davis* v. *Shapleigh*, 19 Ill. 386.

Mr. JUSTICE SHOPE delivered the opinion of the Court :

Appellee brought an action of assumpsit against James Allison and sued out an attachment in aid, which was served on

one Sternheim, as garnishee, who had property of Allison in his possession. Allison appeared in open court and entered into a recognizance, as provided in section 15 of the Attachment act, with appellant as surety. The attachment was thereupon dissolved, and the proceeding against the garnishee set aside. Before judgment, Allison died ; suggestion of his death having been made, his administrator was made party defendant and the case proceeded to judgment. That judgment not having been paid within ninety (90) days after its entry, as conditioned in the recognizance, the present writ of *scire facias* was sued out against the surety. The question presented by the record is, whether the failure to pay the judgment against the personal representative of Allison was a breach of the condition of the recognizance.

The recognizance in this case was in substantial compliance with the statute, the purpose of which is to enable the defendant to obtain control of the property attached, or in the hands of garnishees, upon giving security for the payment of the judgment to be rendered in the cause in which the recognizance is given. Upon giving the bond or recognizance the case proceeds *in personam;* the judgment entered is a personal judgment, the recognizance standing as security for its payment. *Hill* v. *Harding,* 93 Ill. 77. The language of the statute is, that the recognizance shall be " conditioned that the defendant will pay the plaintiff the amount of the judgment and costs, which may be rendered against him in that suit on a final trial, within ninety days after such judgment shall be rendered." And the recognizance here was conditioned for the payment " of whatever judgment may be entered herein against said defendant upon a final trial hereof," etc. At the time of entering into this recognizance, section 11, chapter 1 of the Revised Statutes provided, that upon the death of a sole defendant the action should not on that account abate, in cases where the cause of action would survive, etc. ; but upon suggestion of the death upon the record, summons might issue

against his administrator and the cause " proceed as if it had been originally commenced against him."

The giving of the recognizance is a right accorded by law to the defendant, which the plaintiff must accept, if the right is properly exercised. Its effect is to release the property attached, and to discharge the garnishee from liability for property of the attachment debtor in his hands. To effect this purpose appellant voluntarily joined with the attachment debtor, and took upon himself the obligation prescribed by the statute, to pay whatever judgment might be rendered in that action. He was bound to know, that upon the death of Allison, the suit would not abate, but might proceed to final judgment against his personal representative. The statute provides that the defendant may enter into a recognizance to secure the judgment that may be rendered "against him" in that suit. The law being that, upon the death of Allison, the suit might proceed against the administrator, it must be held that the undertaking of appellant was made in contemplation thereof, and was to stand as security for the judgment rendered against the defendant "in that suit, on final trial." Any other construction of the statute would not only be inconsistent with the language employed, but would lead to the most absurd and unjust results. In contemplation of law, the judgment against his personal representative in the same proceeding is a judgment " *against him* " within the meaning of the language employed. If this be not so, the legislature must have intended to deprive the plaintiff of the security afforded by the service of his attachment, in all cases where the defendant dies before the entry of final judgment. Such a construction is not consistent with the language employed, or the spirit and purpose of the act. *Churchill* v. *Abraham*, 22 Ill. 455; *Brown* v. *Gorton*, 31 id. 416.

It may be conceded, without at all affecting the question here involved, that a surety may stand upon the very terms of his contract, and if he does not assent to its variation, and a

change is made affecting his liability, he can not be bound thereby. This case is clearly distinguishable from those where a common law or voluntary bond is executed; and from those also, where there has been some change in the liability of the surety by the act of the parties seeking to enforce it, as in *Tucker* v. *White*, 5 Allen, 322; *Richard* v. *Stover*, 114 Mass. 101; and other similar cases cited by counsel for appellant. The liability of appellant, as surety, was in no wise increased or changed, because by operation of law the action survived against the personal representative. And we hold that the effect of appellant's undertaking was to pay the judgment recovered "in that suit" in the usual course of law. *Bean* v. *Parker*, 17 Mass. 602; *Quillion* v. *Arnold*, 12 Nev. 234; *Poole* v. *Dyer*, 123 Mass. 363.

In the latter case the goods of Ellen and John Dyer had been attached at the suit of Poole. A bond was given to pay the judgment "in such action" and the attachment dissolved. The plaintiff discontinued as to Ellen Dyer and took judgment against John Dyer only. It was held that the non-payment of this judgment was a breach of the condition of the bond. There, although the parties to the action were changed by the voluntary action of the plaintiff, the court said : "The result, so far as the surety is concerned, is the same, whether the plaintiff discontinues against one defendant, or fails to recover against him upon the trial. No change is made in the nature of the claim which is the subject of the suit, and no greater and different liability is cast upon the surety by the discontinuance." We need not pursue the discussion farther. The obligation being statutory, must be construed so as to give effect to the purpose and intent of the statute.

Other errors are assigned which we have carefully examined, and find either that they do not arise upon the record in this court, or are not of sufficient merit to warrant discussion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*