Belford v. Woodward.

---

### Alexander Belford v. Melinde Woodward.

1. DEBT—*Lies upon a Judgment of a Sister State Payable in Coin.*— An action of debt will lie upon a judgment of a sister State payable in United States gold coin.

Memorandum.—Debt. In the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Declaration on a judgment of a sister State; plea, *nul tiel record* and others; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November, 12, 1894.

NEWMAN & NORTHRUP, attorneys for plaintiff in error.

PRENTISS, MONTGOMERY & HALL, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 28th day of April, 1893, the defendant in error recovered against the plaintiff in error in the Superior Court of San Francisco a judgment as follows:

"It is hereby ordered, adjudged and decreed that the plaintiff, M. Woodward, in the above entitled cause, do have and recover of and from the defendant, Alexander Belford, in said cause, the sum of $3,903.40, with interest thereon at the rate of seven per cent. per annum from date hereof until paid, together with plaintiff's costs and disbursements incurred in said action, amounting to the sum of $13.50, and that said sum of $3,916.96 and said interest be paid in United States gold coin."

Upon that judgment she brought an action of debt in the Circuit Court and recovered $3,916.96 debt and $280 damages.

This writ is prosecuted to reverse that last judgment, and thirty-six errors are assigned.

All come to this; that debt will not lie on a judgment to be paid in coin, and that the interest did not amount to $280.

In our arithmetic, the interest was but $274. But if debt will not lie, the judgment is useless in this State, for no other form of action can be sustained. Andrews v. Montgomery, 19 Johnson (N. Y.) 162. The judgment is not a contract. Williams v. Waldo, 3 Scam. 264; Rae v. Hulbert, 17 Ill. 572.

The sentence "a judgment is a contract" in Sharpe v. Morgan, 44 Ill. App. 346, was unnecessary to the decision, and the subject was not alluded to by the Supreme Court in affirming the same case. 144 Ill. 382.

The defendant in error remits $6, and the judgment is affirmed for $3,916.96 debt and $274 damages, she to pay the costs of this writ of error.