70   143
83   513

## Traders Insurance Co. v. The Northern Pacific Express Co.

1. INSURANCE—*Construction of Policies —Ambiguities.*—Insurance policies are construed against the party by whom they are issued. If ambigious the doubt will be resolved against the insurer.

2. CONSTRUCTION—*Of Contracts.*—All contracts are to be construed so as to effectuate the intent of the parties.

3. CONTRACTS—*A Contract Construed.*—When an insurance company issued a policy insuring an express company against loss or damage by fire, on express matter and accrued charges on same, only while contained in cars while in transit upon lines owned, leased or operated by

the Northern Pacific Railroad Co., *it was held*, that the policy was intended to apply to future events; that the contract of insurance was made with reference to losses that might happen subsequent to the time it was entered into, and covered property in transit in cars at any time within the period of its duration.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

### STATEMENT OF THE CASE.

Appellant issued to appellee a policy of the following import:

"THE TRADERS INSURANCE COMPANY OF CHICAGO, ILL.
No. 019,322.                                   $48,000.

In consideration of four hundred and eighty dollars do insure Northern Pacific Express Co. against loss or damage by fire to the amount of forty-eight thousand dollars ($48,000), on express matter and accrued charges on same, only while contained in cars while in transit upon lines owned, leased or operated by the Northern Pacific Railroad Co., loss not to exceed $4,800 in any one car. It being agreed and understood that this insurance covers against loss by fire only on express matter of every description and kind owned by the assured, as well as their liability as common carriers, but this insurance shall not apply to express matter in cars while the same are in any building.

To attach to policy No. 019,322, Traders Insurance Co.
Other insurance permitted.

R. J. SMITH, Secretary.

Against all such immediate loss or damage sustained by assured as may occur by fire to the property herein stated, not exceeding the sum insured, nor the interest of assured therein, except as hereinafter provided, from the twenty-fourth day of March, 1893, at 12 o'clock noon, to the twenty-fourth day of March, 1894, at 12 o'clock noon, the said loss or damage to be estimated, etc.,   *   *   *   and to be paid sixty days after the written notice and proofs, etc.

\* \* \* (various provisions in regard to application and survey, other insurance, title," etc., etc.)

The declaration filed in this case sets forth that on October 15, 1893, plaintiff had in its possession certain express matter owned by it, and certain other express matter and other property which it was then and there transporting as a common carrier, all in one certain car, and was then and there entitled to certain charges for the transportation thereof, and while said property was contained in said car while said car and said property were in transit upon a line, to-wit, a line of railroad which at the date of the execution of said policy of insurance was leased and operated by the Northern Pacific Railroad Company, and while said car was not in any building; and on, to-wit, said 15th day of October, 1893, said property was then and there destroyed by fire; that at the time of making said policy, and from thence until the happening of the loss and damage hereinbefore mentioned, it, the said plaintiff, had an interest in the said property, and in accrued charges thereon, to the amount of the said sum so by the defendant insured thereon as aforesaid, etc. \* \* \*

Various averments concerning notice, proof of loss, etc., and usual ending.

To this appellant filed a general demurrer, which being overruled, defendant elected to stand by its demurrer whereupon judgment in favor of plaintiff was entered, and its damages were assessed at $3,361. From which judgment the defendant appealed.

Dupee, Judah, Willard & Wolf, attorneys for appellant.

K. K. Knapp, attorney for appellee.

When a policy is fairly susceptible of two different constructions, that one will be adopted which is most favorable to the insured.

This is announced as the general rule in the text-books; and has been specifically adopted by the courts of many States. 1 Beach on Insurance, 549.

" The sole object of insurance being indemnity against loss, any ambiguity in the policy will be resolved against the insurer so as to effectuate that purpose. If the words employed in a contract of insurance themselves, or in connection with other language used in the instrument, or in reference to the subject-matter to which they relate, are susceptible of the interpretation given them by the assured, although in fact intended otherwise by the insurer, the policy will be construed in favor of the assured." May on Insurance, 3d Edition, Sec. 175; Thompson v. Phoenix Ins. Co., 136 U. S. 287; DeGraff v. Queen Ins. Co., 38 Minn. 501; Western & Atlantic Pipe Lines v. Home Ins. Co., 22 Atl. 665; McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. St. 53; Niagara Fire Ins Co. v. Scammon, 100 Ill. 644; Healy v. Mut. Accident Association, 133 Ill. 556; Union Mut. Accident Ass'n v. Frohard, 134 Ill. 228; Travelers Ins. Co. v. Dunlap, 160 Ill. 642; Met. Accident Ass'n v. Froiland, 161 Ill. 30; Getman v. Guardian Fire Ins. Co., 46 Ill. App. 489; Fireman's Fund Ins. Co. v. Western Ref. Co., 55 Ill. App. 329.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Insurance policies are construed against the party by whom they are issued. If a policy be ambiguous, the doubt will be resolved against the insurer. 1 Beach on Insurance, 549; May on Insurance, 3d Ed., Sec. 175; Getman v. Guardian Fire Ins. Co., 46 Ill. App. 489; Fireman's Fund Ins. Co. v. Western Refrigerator Co., 55 Ill. App. 329.

All contracts are to be reasonably construed so as to effectuate the intent of the parties thereto.

Appellee has furnished us with the following as illustrating the ambiguity it finds in the policy :

" The Traders Insurance Company * * * do insure the Northern Pacific Express Company against loss or damage by fire to the amount of forty-eight thousand dollars ($48,000) on express matter and accrued charges on same only ‖ while contained in cars ‖ while in transit upon lines

[now/then] owned, leased or operated by the Northern Pacific Railroad Company." As to which appellee says: "An effort is made above, as will be noted, to indicate graphically the contentions of the parties in this case, by separating certain of the phrases from each other and by interpolating the two words in brackets.

The declaration states that the loss occurred while the express matter was on a line of railroad which, at the *date* of the *execution* of the policy, was leased and operated by the Northern Pacific Railroad Company. It does not state that the line of railroad upon which the loss occurred was 'owned, leased or operated' by the Northern Pacific Railroad Company *at the time of the loss.*"

We regard the meaning of the policy to be clear, and that there is no need for an interpolation of either " now " or " then."

It is manifest that the policy under consideration was intended to apply to future events. The contract was made with reference to losses that might happen subsequent to the time it was entered into.

It was to cover property in cars in transit, etc., at any time from the 24th day of March, at noon, 1893, to the 24th day of March, at noon, 1894.

It was not confined to property at the time of the execution of the contract (now) in cars, or limited to property in cars at the making of the agreement (now) in transit, but applied to property between the 24th day of March, 1893, and the 24th day of March, 1894, in transit.

The phraseology of the policy is like that of one covering the stock of a merchant, and its meaning is the same.

" One thousand dollars on stock of groceries contained in store 456 Randolph street, from March 24, 1893, to March 24, 1894," means not *the* stock, the articles (now) contained, but any stock that may be in the store between the dates named.

The expressed goods covered by the policy under consideration, like the goods of a merchant, are continually changing. The policy was not designed as an indemnity

against loss of goods in transit when it was made, but against loss during the described year that might happen in cars while on lines owned, leased or operated by appellant, not while in cars on lines that were at the time of the execution of the policy owned, leased or operated by appellant. Neither the date of the policy nor the time at which it was executed is set forth in the declaration; while therefrom it does appear that the insurance was from March 24, 1893, to March 24, 1894, "on express matter" "only while contained in cars while in transit upon lines owned, leased or operated" by appellant.

The case of Red Wing Mills v. Mercantile Ins. Co., 19 Fed. Rep. 115, is analogous to the present. See. also Farmers Mut. Fire Ins. Assn. v. Kryder, 31 N. E. Rep. 851; Towne v. The Fire Assn. of Philadelphia, 27 Ill. App. 433, and Bradbury v. Fire Ins. Assn. 15 Atl. Rep. 34.

The judgment of the Circuit Court is reversed and the cause remanded.