## JOSEPH LEONARD vs. LEOPOLD SPEIDEL & another.

The substitution, by a clerical error, in the condition of a bond to dissolve an attachment, of the name of the plaintiff, instead of the defendant, as the person in event of whose payment of the judgment the obligation shall be void, does not invalidate the bond, if the true intention of the parties can be ascertained by applying the terms of the whole instrument to its subject matter; and in suing such a bond it is not a material variance if it is declared upon as it was intended to be written.

In an action on a joint and several bond, it is too late to object to the nonjoinder of part of the obligors, after filing an affidavit of merits and an answer in bar.

In an action against A., B. and C., the rendering of judgment against A. and B. only, and for C., does not exempt sureties from liability on a joint and several bond given by them with A., B. and C. as principals, to dissolve the plaintiff's attachment of "goods and

charges therein contained, or some one of them, are true, shall be annexed to the execution."

Section 8 provides that "no arrest shall be made after sunset, unless specially authorized by the magistrate making the certificate, upon satisfactory cause shown."

estate of said A., B. and C.," the condition of which is that " A., B. and C. shall pay to the plaintiff in said action the amount, if any, which he shall recover therein."

In a suit on a bond given in the usual form to dissolve an attachment, judgment will be rendered for the full penal sum, upon proof of a breach of the condition, although this sum is larger than the amount recovered by the plaintiff against the principal obligor.

CONTRACT, begun January 1, 1869, against the sureties on a bond alleged to have been signed and sealed by them, together with the principals named therein, as follows :

" Know all men by these presents, That we, Carl Mattoni, Gottfried Reichardt and Leopold Babo, all of Boston in the county of Suffolk and Commonwealth of Massachusetts as principals, and Leopold Speidel and Isaac Samuels, both of said Boston, as sureties, are holden and stand firmly bound and obliged unto Joseph Leonard, of said Boston, in the full and just sum of one thousand dollars, to be paid unto the said Joseph Leonard, his executors, administrators or assigns; to which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated the eighth day of January, in the year of our Lord one thousand eight hundred and sixty-eight. The condition of this obligation is such, that, whereas the said Joseph Leonard has caused the goods and estate of said Mattoni, Reichardt and Babo, to the value of one thousand dollars, to be attached on mesne process, in a civil action, by virtue of a writ bearing date this day, and returnable to the superior court, next to be holden at Boston within and 'or the county of Suffolk on the first Tuesday of April next, in which said writ the said Joseph Leonard is plaintiff and the said Mattoni, Reichardt and Babo are defendants; and whereas the said defendants wish to dissolve the said attachment, according to the provisions of the Gen. Sts. *c.* 163, § 30, and other laws relating thereto; now therefore, if the above bounden *Mattoni, Reichardt and Babo* shall pay to the plaintiff in said action the amount, if any, which he shall recover therein, within thirty days after the final judgment in said action, then the above written obligation shall be null and void; otherwise, to remain in full force and virtue."

At the trial in the superior court, before *Lord*, J., the plaintiff was permitted, against the defendants' objection, to introduce, in proof of his allegations, a bond corresponding with that alleged by him, save that in the condition thereof the words "Joseph Leonard" appeared, instead of the words "Mattoni, Reichardt and Babo," in the place where the last named words are above printed in italics. The records of the superior court in the action of Leonard against Mattoni, Reichardt and Babo, in which this bond was given, were introduced in evidence; and it appeared from them, that the action was duly entered in the superior court at April term 1868; that by agreement of the parties it was tried without a jury, before *Lord*, J., who made the following finding therein : "I find that the defendant Babo is not a party to the contract declared on, and I find for the plaintiff against Mattoni and Reichardt in the sum of $555, and for the defendant Babo ; " and that judgment was entered on this finding, against Mattoni and Reichardt, and for Babo.

The defendants requested the judge to rule, 1. that the plaintiff could not maintain this action without joining as defendants the principals on the bond ; 2. that the judgment for Babo against the plaintiff in the action in which the bond was given was " such a cancellation of the bond as to prevent the plaintiff from recovering against the sureties of Babo, the defendants in this action ; " and 3. that " the plaintiff cannot recover in this action on the bond unless all the parties to it as principals are joined and made defendants, and Babo cannot legally be made a defendant, so that the plaintiff cannot recover." The judge refused so to rule ; and directed a verdict for the plaintiff for the sum named as the penalty in the bond, which was returned, and the defendants alleged exceptions.

*J. Nickerson*, for the defendants.

*R. M. Morse, Jr.*, ( *C. P. Greenough* with him,) for the plaintiff.

Colt, J. The bond upon which this action is brought is joint and several, and is signed by the defendants as sureties for the original defendants in the first action. It was given to dissolve the attachment, under the Gen. Sts. *c.* 123, § 104, and was conditioned to secure the payment to the plaintiff of the amount

of the judgment, if any, which he should recover in that case, within thirty days after final judgment.

1. The bond produced at the trial corresponds with the allegations in the declaration. By an obvious clerical error the blank in the condition was filled up with the name of the plaintiff, instead of that of the principals in the bond. There is no difficulty in ascertaining from the whole instrument, applied to the subject matter, the intention of the parties, and the bond is to be read as if the name of the principals, or no name at all, had been inserted in the blank space.

2. Upon a joint and several bond, the plaintiff must sue one or all of the obligors, and cannot bring his action against an intermediate number. But in actions of contract, nonjoinder of parties jointly liable as defendants can only be taken advantage of by plea in abatement. In this case, the right to plead in abatement was lost, by filing an affidavit of merits with an answer in bar. *Pratt* v. *Sanger*, 4 Gray, 84, 88. *Cole* v. *Ackerman*, 7 Gray, 38. *Whipple* v. *Rogerson*, 12 Gray, 347.

3. The condition of the bond was broad enough to include a judgment recovered in the original action, upon the contract declared on, against two of the original defendants. It is not restricted to a judgment against all jointly, and the fact, that at the trial the plaintiff failed to show that one of them was a party to the contract, who thereupon recovered costs, does not release the defendants here from liability.

The case at bar is to be distinguished from *Tucker* v. *White*, 5 Allen, 322, where the surety was held to be discharged. In that case, the plaintiff in the original action, of his own motion, without notice to the surety, discontinued against one of two defendants, and upon summoning in a new joint defendant took judgment against him and the remaining original defendant. Plainly this was a judgment against a new party; and the surety had a right to say, I entered into no obligation to secure such judgment. The present case does not show, nor is it perhaps material, what property was attached. The joint property of all, or of any two of the defendants, or the separate property of one or more of them, was subject to attachment. And it may

be that only the property of the defendants against whom judg-ment was rendered was in fact taken. If the separate property of the defendant who eventually prevailed was under attach-ment, and he wished to escape liability upon any judgment which might be had against his codefendants, then in order to dissolve the lien upon his property he should have given a sepa-rate bond, to secure only the judgment which might be recov-ered against him.

The judgment of the superior court must be entered for the penalty of the bond, and execution will be awarded for so much of the penal sum as appears to be due according to the Ge n. Sts. c. 133, §§ 9, 10.                                   *Exceptions overruled.*