JAMES R. HAPPENNY *vs.* JOHN TRAYNER & others.

The two defendants in an action gave a bond with sureties to prosecute a writ of review to final judgment, and "pay such judgment as may be recovered against them;" upon the review the plaintiff in the original action discontinued against one of them and recovered judgment against the other, which was not paid. *Held*, that the sureties on the bond were liable for the amount of the judgment.

CONTRACT, against John Trayner, William S. Stearns, and John H. Butler, on a bond entered into by James Trayner and John Trayner, as principals, and by Stearns and Butler, as sureties. The condition of the bond was, that whereas the plaintiff, in a suit before a justice of the peace, had recovered judgment against James and John Trayner, and they had filed a petition to the Superior Court for a review of the judgment : " Now if the said James Trayner and John Trayner shall prosecute their petition for said review to a final decision, and the review, if granted, to final judgment, and pay such judgment as may be recovered against them, upon final judgment upon the review, and if the review shall not be granted, shall pay any costs which the respondent may recover on the petition, and shall pay the amount of the judgment sought to be reviewed, then this bond shall be void, otherwise the same shall remain in full force."

At the trial in the Superior Court, before *Rockwell*, J., without a jury, it appeared that, in an action before a justice of the peace, the plaintiff recovered judgment against James and John Trayner ; that execution issued upon the judgment; that upon the petition of James and John Trayner a *supersedeas* of the execution and a writ of review of the action were granted by the Superior Court ; that the bond declared on was executed and

given as a condition precedent to the issuing of the *supersedeas*, that the writ of review was duly entered and prosecuted to final judgment in the Superior Court; and that at the trial upon the review, the present plaintiff, having discontinued against James Trayner, recovered judgment against John Trayner for an amount of damages larger than the amount for which he recovered damages in the original suit.

The plaintiff's attorney testified, against the defendants' objection, "that at the trial upon review some person, other than himself, suggested the death of James Trayner, and that the presiding judge then suggested the discontinuance against him." But it appeared that the records relating to said review contained no such suggestion, and that the only entry relating to the discontinuance was as follows: "And now the said Happeny by leave of court discontinues as to said James Trayner."

Upon the foregoing facts the judge found for the plaintiff, and reported the case for the consideration of this court. If the plaintiff was entitled to recover against the defendants in this action, he was to have judgment for the amount of the judgment recovered by him against John Trayner in the action upon review, with interest, otherwise judgment was to be entered for the defendants.

*W. S. Stearns*, for the defendants.

*F. F. Heard & W. G. Sprague*, for the plaintiff.

WELLS, J. The case does not differ in principle from *Leonard* v. *Speidel*, 104 Mass. 356. The defendants were not prejudiced in any manner by the discontinuance against James Trayner. No new or different cause of action was introduced. The grounds of recovery were not enlarged or changed. The sureties were not affected in their right or means of indemnity. That depends on their relations to their principals, as shown by the bond, and is not secured through the judgment.

Whatever difficulty there is in the way of recovery here arises from the language of the condition of the bond. It is contended that " such judgment as may be recovered against them," cannot apply to a judgment against one of them alone. As affecting this objection, it is immaterial that the record fails to contain any suggestion of the death of James Trayner. The

literal variance would be the same, and the objection equally ten-able on this ground if the record were complete, showing the death of the co-defendant and a judgment against the survivor, in accordance with the Gen. Sts. *c.* 127, § 11.

As nothing is included in this judgment which was not em-braced both in the purpose and the terms of the bond, the de-fendants show no ground in law or equity for being released from their obligation. *Judgment for the plaintiff.*