REUBEN A. RICHARDS & another *vs.* AMMI STORER.

A surety upon a bond given to dissolve an attachment is discharged by the plaintiff's discontinuing as to one of the defendants and summoning in a new defendant, without notice to the surety, although the defendant as to whom the action was discontinued was not a party to the bond.

CONTRACT against the defendant as a surety upon a bond given to the plaintiffs to dissolve an attachment made by them upon the property of William S. Gibbs and John H. Gibbs, copartners. The material portion of the bond was as follows: "Know all men by these presents, that we, William S. Gibbs for himself and in behalf of John H. Gibbs as principal," and the sureties (naming them), are holden and stand firmly bound to the plaintiffs in the sum of $100. "The condition of this obligation is such, that whereas the said Richards & Co. have caused the goods and estate of said William S. Gibbs *et al.*, to the value of $1000, to be attached on mesne process in a civil action, by virtue of a writ," "in which said writ the said Richards & Co. are plaintiffs, and the said Wm. S. Gibbs & John H. Gibbs are defendants:" "Now therefore, if the above bounden William S. Gibbs shall pay the plaintiffs the amount, if any, which they shall recover therein," "then the above written obligation shall be null and void." The execution of the bond was as follows:

"William S. Gibbs,    [Seal.]
"for himself and in
"behalf of J. H. Gibbs."    [Seal.]

The bond was also executed by the sureties.

At the trial of the case in the Superior Court, before *Wilkinson,* J., without a jury, it appeared that after the entry of the writ upon which the attachment was made, the plaintiffs discontinued as to John H. Gibbs, and summoned in Wilder B. Reed as a defendant, and, by leave of court, so amended their pleadings as to proceed against William S. Gibbs and Wilder B. Reed, and obtain judgment against them. The non-satisfaction of this judgment was claimed as a breach of the bond declared on. No notice was given to the defendant of the above amendments or of

the change of parties. The judge ruled that the discontinuance of the action against John H. Gibbs, and the summoning in of Wilder B. Reed as a party, with the amendments made, relieved the defendant from liability under the bond ; and having found for the defendant, reported the case to this court.

*J. Nickerson*, for the plaintiffs.

*T. S. Dame*, for the defendant.

AMES, J. It would be impossible to sustain these exceptions without overruling the decision in the recent case of *Tucker* v. *White*, 5 Allen, 322. In that case as in this, the plaintiff in the original action, of his own motion, and without notice to the surety, discontinued against one of two defendants, and upon summoning in a new joint defendant, took judgment against him and the remaining original defendant. The bond declared on is conditioned for the payment of the judgment which the plaintiffs should recover in the original action. The judgment actually rendered was against a new party, and is entirely different from any which the surety had in view when he signed the bond. He never assumed, and the law has not imposed upon him, any obligation to pay the amount of that judgment. It is immaterial that by the terms of the bond William S. Gibbs was the party promising to make the payment. The judgment which the bond describes is not the judgment which the plaintiffs recovered, and consequently there has been no breach of the condition of the bond. The plaintiffs therefore cannot maintain their action. In *Leonard* v. *Speidel*, 104 Mass. 356, the decision in *Tucker* v. *White* is reaffirmed.     *Judgment for the defendant.*