JOHN B. SANDERSON & another *vs.* CHARLES A. STEVENS & another.

Worcester.    October 5. — 8, 1874.    COLT & MORTON, JJ., absent.

If A. is arrested in a suit against himself and B. as copartners, and gives a bail bond to appear, answer and abide the judgment in the suit, the liabilities of the sureties on the bond are not affected by a discontinuance as to B. in the original action.

SCIRE FACIAS against Charles A. Stevens and Barnabas Snow, as sureties on a bail bond.

At the trial in the Superior Court, before *Bacon*, J., it appeared that Norman A. Smith had been arrested on a writ in favor of the plaintiffs, issued against him and Isaac C. Colton, as copartners ; and, with the defendants as sureties, executed the bond in suit, the condition of which was that Smith should appear and answer " to the plaintiffs in said suit upon said writ, and shall abide the final judgment of said court thereon."    It further appeared that Colton was, at the time the writ against him was issued, and has ever since been, out of the jurisdiction of the court, and the writ was so returned against him, and no service

was ever made upon him, and no notice of the pendency of the action given him; that the plaintiffs discontinued against Colton, and obtained judgment against Smith, and execution was issued against him, on which the officer made a return that he could find neither the property nor the body of Smith within his precinct, and so returned the execution in no part satisfied.

The defendants asked the judge to rule, upon the foregoing evidence, that the plaintiffs could not maintain their action, upon the ground that the defendants were entitled to the protection of a judgment against Smith and Colton jointly ; that the discontinuance by the plaintiffs against Colton, without the consent of the defendants in this action, affected their rights and remedies under any judgment obtainable in this action.

The judge declined so to rule, but ruled that the plaintiffs were on the evidence entitled to judgment. The defendants thereupon submitted to a judgment against them, and alleged exceptions.

*J. G. Allen*, for the defendants.

*G. F. Verry & F. A. Gaskill*, for the plaintiffs.

WELLS, J. The statement of the case shows a breach of the bail bond. The only point raised by the exceptions is that the judgment was against Smith alone, whereas the writ upon which the arrest was made was against Smith and Colton.

There is nothing in the bond which limits it to a joint judgment, or indicates that it was given with any reference to the joint character of the suit. The objection, therefore, can only have force on the ground that the discontinuance against Colton was prejudicial to the rights of the sureties. This we think cannot be maintained.

The discontinuance and separate judgment were authorized by the Gen. Sts. *c.* 126, § 14. It introduced no new or greater liability, and neither made nor indicated any change in the nature of the claim which was the subject of the suit and judgment. It did not affect the extent of Smith's liability as principal debtor, nor the amount for which the sureties would be held responsible upon his default. *Leonard* v. *Speidel*, 104 Mass. 356.

If the sureties would be entitled to any claim against Colton for contribution, it would be by way of subrogation to the rights of their principal; and those would depend, not upon the judgment establishing a joint liability to third parties, but upon the

state of accounts between themselves, including indeed the claim for which this judgment was rendered. Their rights in this direction, whatever they were, would not be enforced through the judgment, and are not defeated by reason of the discontinuance against Colton. *Happenny* v. *Trayner*, 111 Mass. 279.

*Exceptions overruled.*