WILLIAM POOLE *vs.* JOHN B. DYER & others.

Bristol. Oct. 24. — Nov. 28, 1877. LORD & SOULE, JJ., absent.

The sureties on a joint and several bond, given by them with A. and B. as principals, to dissolve the plaintiff's attachment of " the goods and estate of the said A. and B.," the condition of which is that A. and B. shall pay to the plaintiff " the amount, if any, which he shall recover in such action," are not discharged by the discontinuance of the action as to A.

CONTRACT against John B. Dyer, John Campbell and George Lord, on a bond, dated September 20, 1876, executed to the plaintiff by Ellen Dyer and John B. Dyer as principals, and by the other defendants as sureties ; the condition of which was as follows :

" The condition of this obligation is such, that whereas the said William Poole has caused the goods and estate of the said Ellen Dyer and John B. Dyer, to the value of three hundred dollars, to be attached on mesne process, by virtue of a writ in favor of the said William Poole against the said Ellen Dyer and John B. Dyer, bearing date the thirteenth day of September, A. D. 1876, and returnable to the Second District Court of Bristol, for the county of Bristol, in said Commonwealth, on the fourth Monday of October, A. D. 1876, and whereas the said Ellen Dyer and John B. Dyer desire to dissolve said attachment according to law : Now therefore, if the said Ellen Dyer and John B. Dyer shall, within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein named the amount, if any, which he shall recover in such action, then this obligation shall be void ; otherwise, it shall be and remain in full force and virtue."

Writ dated February 13, 1877. The case was submitted to the Superior Court upon an agreed statement of facts in substance as follows :

On September 19, 1876, the plaintiff attached the goods and estate of Ellen Dyer and John B. Dyer, on a writ returnable to the Second District Court of Bristol. For the purpose of dissolving such attachment, the bond in suit was given, and, on the execution and delivery of the bond, the goods and estate of both principals were so released from attachment. The original

action was duly entered, the plaintiff discontinued as to Ellen Dyer, and judgment was entered against John B. Dyer. The plaintiff gave no notice to the sureties on the bond that he should or had discontinued the action as to Ellen Dyer; execution duly issued on the judgment against John B. Dyer, and was returned unsatisfied.

If, upon these facts, the sureties were discharged by the plaintiff's discontinuance as to Ellen Dyer, judgment was to be entered for them ; otherwise, judgment for the plaintiff. The Superior Court ordered judgment for the sureties; and the plaintiff appealed.

*H. K. Braley*, for the plaintiff.

*J. W. Cummings*, for the sureties.

ENDICOTT, J. In the original action brought by the plaintiff, the property of both defendants was attached. They thereupon gave a bond to dissolve the attachment, upon which this action is brought. The plaintiff in the original action discontinued against one, and judgment was entered against the other defendant. It is now contended that this discontinuance discharged the sureties, and they are no longer liable on the bond; but the court is not of that opinion.

There is nothing in the language of the bond, or the circumstances under which it was given, to indicate that it was intended to be restricted to a judgment against both the original defendants. It dissolved an attachment made upon the property of each, and should therefore stand as security to the plaintiff for the default of either. If at the trial of the original action the plaintiff had recovered against one defendant only, the case would have fallen precisely within *Leonard* v. *Speidel*, 104 Mass. 356. The condition of the bond in that case was substantially the same as in this. See also *Campbell* v. *Brown*, 121 Mass. 516. The result, so far as the sureties are concerned, is the same whether the plaintiff discontinues against one defendant, or fails to recover against him upon trial. No change is made in the nature of the claim which is the subject of the suit, and no greater or different liability is cast upon the sureties by the discontinuance. *Sanderson* v. *Stevens*, 116 Mass. 133.

The case is clearly to be distinguished from *Tucker* v. *White*, 5 Allen, 322, and *Richards* v. *Storer*, 114 Mass. 101, relied on

by the defendants. In those cases the plaintiff not only discontinued against one defendant, but summoned in another, and there was judgment against a new party not mentioned in the bond. *Judgment for the plaintiff.*