JOHN C. DALTON *vs.* JOHN P. BARNARD, JR., & others.

Suffolk. November 12, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Declaration — Amendment — Bond to dissolve Attachment — Discontinuance — Discharge of Surety.*

An amendment to a declaration which is not shown to add any new cause of action, or a discontinuance as to one of several defendants, will not have the effect to discharge a bond jointly given by them to dissolve an attachment in the action.

A bond with surety in the usual form to dissolve an attachment was jointly given by two defendants, as to one of whom a discontinuance was subsequently had, a judgment thereupon rendered against the other remaining unpaid. In an action on the bond against both principals and the surety, judgment was entered on agreed facts in favor of the defendant so discontinued against, and against the other. On appeal, it was admitted that the declaration in the original action was amended by filing a bill of particulars, but the papers in that action were not before the court, nor was the question whether any new cause of action was added by the amendment raised in the answers, or referred to in the agreed statement of facts, or passed upon in terms by the court below. *Held,* that all the defendants were liable upon the bond.

CONTRACT against John P. Barnard, Jr., and Howard W. Barnard, as principals, and against Fred M. Smith as surety, on a bond given to dissolve an attachment in the usual form, in an action of contract brought by the plaintiff against the Barnards. The answer of the defendant Howard W. Barnard contained a general denial, and further alleged that, " if the plaintiff offers any evidence tending to establish his claim, then the defendant says that he was sued in the original suit by this plaintiff as one of the principal defendants, the plaintiff's said

writ alleging him and the said John P. Barnard, Jr. to be copartners under the name and style of Barnard & Co., and that at the time he signed the said bond he signed the same as a principal; that subsequently, and during the progress of said litigation, the plaintiff discontinued said suit against him, the said Howard W. Barnard, and prosecuted said suit to final judgment as against the said John P. Barnard, Jr. alone; and the defendant therefore says that he is not liable in this action upon the contract alleged by the plaintiff. And the defendant says that he was released from all liability to the plaintiff as a principal defendant in said original suit, and as a signer of said bond by virtue of the plaintiff's action in changing and amending his said writ and declaration." The answer of the defendant Smith contained a general denial, and specially denied the genuineness of the signature to the bond.

The case was submitted to the Superior Court on agreed facts, in substance as follows. The original action was commenced on July 1, 1885, by the plaintiff, against the Barnards as copartners. On February 17, 1887, against the objection of the defendants, and without notice to or the knowledge of Smith, the plaintiff was permitted to discontinue as against Howard W. Barnard, and to proceed against John P. Barnard, Jr. as sole defendant. On March 23, 1888, he recovered judgment against John P. Barnard, Jr., on which execution issued which was duly returned unsatisfied.

The Superior Court ordered judgment " for the plaintiff *vs.* Jno. P. Barnard, Jr. and Fred M. Smith for the penal sum of the bond, and for defendant Howard W. Barnard. Defendant Smith appeals to the Supreme Judicial Court for the Commonwealth. Plaintiff appeals."

If the plaintiff was entitled to recover, judgment was to be entered for him; otherwise judgment to be entered for the defendants.

*W. S. Stearns*, for the plaintiff.

*A. D. McClellan*, for the defendant Smith.

C. ALLEN, J. 1. The defendant Smith in his brief contends, and the plaintiff admits, that there was an amendment to the declaration in the original action by filing a bill of particulars; but the papers in that suit have not been laid before us, and we

have nothing to show that any new cause of action was added by the amendment; nor indeed is any such question raised in the answers of the defendants, nor was it, so far as we can see, included in the agreed statement of facts, or passed upon by the court.

2. It has been determined heretofore that a discontinuance as to one of several defendants will not have the effect to discharge a bond which the defendants have jointly given to dissolve the attachment. Such discontinuance does not change the identity of the action, and the judgment recovered against only one of the defendants is the same judgment described in the bond. Nor is the surety injured, for both defendants are principals in the bond and stand between him and harm. If the surety desired to escape liability for a judgment against only one of the defendants, he should have given a bond limited to a judgment against both. *Poole* v. *Dyer*, 123 Mass. 363. *Campbell* v. *Brown*, 121 Mass. 516. All of the defendants are liable upon the bond.

*Judgment for the plaintiff against all the defendants.*