MATHEWS SLATE COMPANY *vs.* PATRICK H. SWEENEY & another.

Essex.    November 4, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Bond,* To dissolve attachment. *Surety. Practice, Civil,* Amendment.

No action can be maintained against the surety on a bond to dissolve an attachment, if, in the action in which the attachment was made, after the bond was given a new plaintiff was substituted by an amendment, of which the surety was given no previous notice as required by R. L. c. 173, § 121. In the present case the original plaintiff was a corporation called the Mathews Consolidated Slate Company and the plaintiff substituted by amendment was a distinct and separate corporation called the Mathews Slate Company.

CROSBY, J. This is an action brought against the sureties upon a bond given to dissolve an attachment by trustee process. The original writ in the action on which the bond was given described the plaintiff as the Mathews Consolidated Slate Company. By amendment allowed in the Superior Court after the bond had been given, the Mathews Slate Company was substituted as the plaintiff. This amendment was allowed without notice to the defendant Sweeney in this action, who alone is defending it.

The Mathews Consolidated Slate Company and the Mathews Slate Company are two distinct and separate corporations.

The presiding judge * ruled that the action could not be maintained against the defendant as surety upon the bond, and di-

---

* *Sanderson,* J.

rected a verdict accordingly. We are of opinion that this ruling was right.

The power of the courts to allow amendments of civil process under R. L. c. 173, §§ 48, 121, is very broad, and is exercised with liberality. Yet it is provided in § 121, above referred to, that "no subsequent attaching creditor or purchaser of property attached or bail or any person other than the parties to the record shall be bound by such allowance unless he has had due notice of the application for leave to amend and an opportunity to be heard thereon." As the defendant in this action did not have notice of the application to amend, he is not bound by it.

By the execution and delivery of the bond the contract was that the obligors would pay to the Mathews Consolidated Slate Company whatever sum it should recover against the principal on the bond; but as that corporation has not recovered anything against the principal on the bond but has been eliminated as a party plaintiff, there has been no breach of the condition of the bond. The judgment actually recovered was in favor of a new party and is entirely different from any which the surety had in mind when he signed the bond. The change in the name of the plaintiff is not a mere correction of a clerical error or defect in form, but it is the substitution of a new party plaintiff; as against such a party the defendant never bound himself to pay the judgment which has been recovered, and the law never imposed upon him any liability to pay that judgment. The plaintiff therefore cannot maintain this action. *Tucker* v. *White,* 5 Allen, 322. *Richards* v. *Storer,* 114 Mass. 101. *Prince* v. *Clark,* 127 Mass. 599. See *Driscoll* v. *Holt,* 170 Mass. 262.

*Exceptions overruled.*

The case was submitted on briefs.

*D. B. Keniston, Jr.,* for the plaintiff.

*J. J. Tierney,* for the defendant Sweeney.