WILLIAM FRANK & others *vs.* MATILDA MILLEN.

Suffolk.    November 17, 1916. — February 13, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bond,* To dissolve attachment. *Surety.  Practice, Civil,* Amendment.

No action can be maintained against the surety on a bond to dissolve an attachment, if after the bond was given the writ and declaration in the action in which the attachment was made were amended by changing the plaintiffs from two partners doing business under a certain firm name by adding the name of a third partner, the three being alleged to be doing business under the same firm name, and if no previous notice of the amendment was given to the surety as required by R. L. c. 173, § 121.  Following *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285.

CONTRACT against the surety on a bond to dissolve an attachment given by the husband of the defendant in an action brought against him by Morris Frank and Harry Falkson, copartners doing business under the name of the American Dry Goods Company, upon a check made payable to the American Dry Goods Company.   Writ in the Municipal Court of the City of Boston dated January 24, 1916.

At the trial it appeared that after the bond had been given the writ and declaration in that action were allowed to be amended in the manner described in the opinion without any notice having been given to the defendant in this action, although notice was given to the defendant's husband, who was the defendant in the action in which the bond was given and who appeared by counsel and objected to the allowance of the amendment.

The plaintiffs asked the judge to rule "That the amendment of the writ in the original action was an immaterial amendment and imposed no greater liability upon the surety than that which she assumed by signing the bond."

The judge refused to make this and other rulings requested by the plaintiffs and found for the defendant.  At the request of the plaintiffs the judge reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the plaintiffs appealed.

The case was submitted on briefs.

*J. D. Rooney,* for the plaintiffs.

*J. Bon,* for the defendant.

CARROLL, J.  This is an action of contract against the surety on a bond to dissolve an attachment.  In the action in which the bond was given, the plaintiffs were Morris Frank and Harry Falkson, copartners doing business under the name of the American Dry Goods Company.  After the bond was executed, the plaintiffs amended by changing the name of one of the partners from Morris Frank to William Frank, and by adding a third partner, Rose Frank né Falkson.  By the amendment the three partners were alleged to do business under the same firm name, namely, American Dry Goods Company.  No notice of the amendment was given to the surety.  R. L. c. 173, § 121.

In *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285, the plaintiff was described as the Mathews Consolidated Slate Company, and by amendment the Mathews Slate Company was substituted as the plaintiff.  They were two distinct corporations.  No notice of the amendment was given to the surety under R. L. c. 173, § 121.  It was there held that, as the judgment actually recovered was in favor of a new party, to whom the defendant had not bound himself to pay, he was not liable as a surety on the bond.

That case governs the case at bar.  The defendant agreed to pay to the partners named the amount of the judgment recovered by them.  Rose Frank was not, at the time, one of the plaintiffs.  There has been no breach of the condition of the bond signed by the defendant.  The judgment was in favor of William Frank, Harry Falkson and Rose Frank.  A new party had been added and the defendant did not agree to pay the judgment recovered by them.  There was, therefore, no breach of the bond.  *Mathews Slate Co.* v. *Sweeney, supra.*

<div align="right">

*Order dismissing report affirmed.*