### BERTHA SALVIN *vs.* PHILIP SIDMAN.

Suffolk. March 21, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Judgment. Municipal Court of the City of Boston. Surety. Bond,* To dissolve attachment. *Practice, Civil,* Amendment.

In the absence of fraud or collusion, a judgment entered against two defendants in the lawful exercise of the power of the court is conclusive against a surety upon a bond to dissolve an attachment given by one of the defendants.

Accordingly, it is not a valid defence on the part of such surety in an action against him upon such bond, that the judgment was entered before the time had expired for the filing of an answer by his principal's co-defendant, who had been made a party defendant by an amendment after the giving of the bond.

An amendment to the writ and declaration in an action against the maker of a promissory note, adding as a party defendant an indorser of the note, does not change the liability upon a bond to dissolve an attachment given by the first defendant before the allowance of the amendment.

Therefore, the allowance of such an amendment without notice to the surety does not discharge such surety, and, after judgment against both defendants by default, the plaintiff may maintain an action upon the bond against such surety.

CONTRACT against the surety on a bond to dissolve an attachment, given in an action upon a promissory note by Bessie Silverman, defendant, before the allowance of an amendment therein adding as a defendant M. Silverman, as described in the opinion. Writ in the Municipal Court of the City of Boston dated June 19, 1917.

The material facts in evidence at the trial in the Municipal Court and the substance of the rulings of the trial judge are described in the opinion. There was a finding for the plaintiff in the sum of $114.11 and interest from May 18, 1917. The case was reported to the Appellate Division, where the report was dismissed. The defendant appealed.

The case was submitted on briefs.

*S. Sigilman & C. H. Dow,* for the defendant.

*S. L. Wolfson,* for the plaintiff.

CROSBY, J. This is an action against a surety on a bond to dissolve an attachment. The original action (in which the bond was given) was brought in the Municipal Court of the City of Boston by the plaintiff against Bessie Silverman. After the bond was given the plaintiff filed a motion to amend the writ and declaration by adding thereto the name of M. Silverman, otherwise known as Morris Silverman, as a party defendant. This motion was allowed by the court with the consent of the attorney of record of the original defendant, who on the same day entered his appearance for Morris Silverman. It did not appear that the defendant in this action had notice of the amendment. Both defendants in the original action afterwards were defaulted and judgment was entered against them; before the entry of such judgment, the plaintiff filed a promissory note for $75 signed by B. Silverman on the face, bearing the indorsement "Mr. M. Silverman."

The first contention of the defendant is that the judgment in the original action was entered upon a default and before the time given for filing an answer by the defendant M. Silverman, under the rules of the Municipal Court of the City of Boston, had expired, and that therefore the judgment was prematurely entered. But the judgment having been entered in the lawful exercise of the power of the court and in the absence of fraud or collusion, is conclusive against the defendant in the case at bar. *Tapley* v. *Goodsell,* 122 Mass. 176, 182. *Cutter* v. *Evans,* 115 Mass. 27. *Tracy* v. *Maloney,* 105 Mass. 90.

The defendant also contends that the allowance of the amendment without notice to him, the effect of which was to add M. Silverman as a party defendant after the bond had been given, was a discharge of the surety. It has been held by this court that

an action cannot be maintained against a surety on a bond to dissolve an attachment, if after the bond is given a different plaintiff is substituted by amendment, of which the surety was given no previous notice as required by R. L. c. 173, § 121. *Werlin* v. *Equitable Surety Co.* 227 Mass. 157. *Frank* v. *Millen,* 226 Mass. 71. *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285.

It is plain that a surety upon a bond should not be held liable without notice to him of an amendment which imposes upon him a liability greater or different than that which he assumed by signing the bond. In the case at bar the amendment did not alter or affect the defendant's liability — its allowance simply added a party defendant who, with the original defendant, became liable to the plaintiff for the debt upon the entry of judgment. It was allowed by the consent of the attorney of the original defendant, who was also the attorney for the defendant named in the amendment and is one of the attorneys for the defendant in the case at bar. The defendant's obligation as surety on the bond is that Bessie Silverman will pay the judgment and costs within thirty days from the date of its entry against her. The allowance of the amendment created no greater or different liability than existed before, and did not make the defendant chargeable for any default on the part of M. Silverman.

As the defendant was not affected by the amendment he was not entitled to notice of its allowance. It follows that the ruling of the presiding judge "that the particular amendment, under this form of bond, did not discharge the surety," was correct. *Leonard* v. *Speidel,* 104 Mass. 356. *Sanderson* v. *Stevens,* 116 Mass. 133. *Poole* v. *Dyer,* 123 Mass. 363. See *Doran* v. *Cohen,* 147 Mass. 342; *Driscoll* v. *Holt,* 170 Mass. 262, and cases cited.

If the action had been discontinued as against Bessie Silverman upon the allowance of the amendment, or if a new party plaintiff had been added without notice to the surety, a different question would have been presented. The case at bar is clearly distinguishable from *Tucker* v. *White,* 5 Allen, 322, *Richards* v. *Storer,* 114 Mass. 101, *Frank* v. *Millen, supra.*

*Order dismissing report affirmed.*