MASS. BUILDING FINISH CO., INC. *vs.* BENJAMIN BRENNER.

Suffolk.   January 3, 1934. — November 30, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*Bond,* To dissolve attachment. *Surety.*

An amendment to a writ, in an action against a corporation and an individual, which substituted a different individual for the individual originally named in the writ and which was allowed without notice to a surety on a bond in the statutory form, filed to dissolve an attachment, did not render such bond unenforceable against such surety, where it appeared that such bond recited that it was given to dissolve an attachment upon the "goods and estate" of the corporate defendant and described the action as against that defendant without naming the codefendant, that the bond was conditioned solely upon the corporate defendant's paying such judgment as the plaintiff might recover, and that that defendant executed the bond as sole principal.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 30, 1932.

In the Municipal Court, the action was heard by *Carr,* J. Material evidence and rulings by the judge are described in the opinion. The report states that the judge "found for the plaintiff in the penal sum of the bond," $400, and "assessed damages in the sum of" $263.07, and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*H. C. Mamber,* for the defendant.

*B. A. Riemer,* for the plaintiff.

FIELD, J. This is an action of contract brought in the Municipal Court of the City of Boston against Benjamin Brenner as sole defendant on a bond to dissolve an attach-

ment.  There was a finding for the plaintiff and a report to
the Appellate Division which was dismissed.  The defend-
ant appealed.

The plaintiff declared on a bond of the Massachusetts
Live Poultry Company, as principal, and this defendant, as
surety, to dissolve an attachment under a writ in an action
brought by the plaintiff against said Massachusetts Live
Poultry Company and one Mary Riseman on which the
goods and estate of the two defendants in that action were
attached.  The defendant in the present case answered
general denial, payment, that he "denies the genuineness
of any signature or signatures on any written instrument,
and calls upon the plaintiff to prove the same," and that
"if the plaintiff proves that he signed the bond on the obli-
gation in question, and because of an amendment filed by
the plaintiff, the bond is discharged."

The plaintiff introduced in evidence a joint and several
bond in statutory form (see G. L. [Ter. Ed.] c. 223, §§ 120,
129) running to the plaintiff, in which the Massachusetts
Live Poultry Company is described as principal and Ben-
jamin Brenner and Meyer W. Kettlemen are described as
sureties, and purporting to be executed by the parties de-
scribed as principal and sureties.  The bond recites that
the "condition of this obligation is such that whereas the
said Mass. Building Finish Co. Inc. has caused the goods
and estate of the said Massachusetts Live Poultry Co. . . . .
to be attached on mesne process by virtue of a writ in favor
of the said Mass. Building Finish Co., Inc. against the said
Massachusetts Live Poultry Company . . . and whereas
the said Massachusetts Live Poultry Company desire to
dissolve said attachment according to law.  Now Therefore,
if the said Mass. Building Finish Co. Inc. shall within thirty
days after the final judgment in the aforesaid action, pay
to the plaintiff therein the amount, if any, which it shall re-
cover in such action, and shall also, within thirty days after
the entry of any special judgment which may be entered in
said action . . . pay to said plaintiff the sum, if any, for
which such special judgment shall be entered, then this
obligation shall be void, otherwise it shall be and remain in

full force and virtue." The trial judge states in the report that "The only evidence offered with reference to the genuineness of the signature on the bond was the answer to the plaintiff's interrogatories, which signature on the answer, was admitted by the defendant, to be that of the defendant in this action, thereupon the court found that the defendant had signed the bond. No other evidence was offered by the plaintiff, as to the genuineness of any other signature on the bond. . . . The defendant objected to the introduction of this bond, the bond was admitted against the defendant's objection, and the defendant at that time requested that the question be reported to the Appellate Division for determination, but the defendant did not save his rights by filing a written request in the clerk's office as required by G. L. (Ter. Ed.) c. 231, § 108, and so far as it is a question of evidence I do not report it."

The trial judge found, in substance, that the plaintiff brought an action in the Municipal Court of the City of Boston against the Massachusetts Live Poultry Company and Max Riseman, that after this action was entered the plaintiff filed a motion to amend its writ and declaration in that case by substituting for Max Riseman, as defendant, Mary Riseman, that the motion was allowed, and that a judgment was recovered. No evidence was offered by the plaintiff or the defendant in the present case that any notice was given to the defendant in this action that the writ and declaration in the original action would be amended, or that the plaintiff would ask that it be amended so that one defendant might be discharged and another substituted.

At the close of the evidence the defendant requested the following rulings: "1. An amendment to a writ and declaration, without notice to the sureties, discharges the sureties. 2. The court is warranted in finding that the amendment filed was not as to mere form, but as to the substance of the action. 3. The amendment filed in the original case for which this bond was given was not one which would ordinarily be termed a clerical error. 4. On all the evidence the court should find for the defendant, because of the failure of the plaintiff to prove all of the signatures on the

bond." The judge refused to rule in accordance with requests numbered 1 and 4, and with respect to requests numbered 2 and 3 ruled, "immaterial if same cause of action." The rulings and refusals to rule as requested were reported to the Appellate Division.

The appeal from the order of the Appellate Division brings before us for revision only the rulings of law made by the trial judge and reported by him to the Appellate Division, and the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449.

No question, therefore, is before us with respect to variance between allegations and proof, or the sufficiency of the evidence to support the implied finding that the bond introduced in evidence was given to dissolve an attachment in the action in which the plaintiff recovered judgment. Nor is the question before us of the admissibility of the bond. The trial judge did not report this question and — if we assume that the propriety of his not reporting this question is before us — he was right in not reporting it. The statute in force when the case was tried (G. L. [Ter. Ed.] c. 231, § 108; see now St. 1933, c. 255) provided, with respect to a report by a judge of the Municipal Court of the City of Boston to the Appellate Division of a ruling on a matter of law, that the "request for such a report shall be filed with the clerk . . . within two days after notice of the ruling . . . and when the objection is to the admission or exclusion of evidence, the claim for a report shall also be made known at the time of the ruling." The latter provision, as the language clearly indicates, is in addition to, not in substitution for, the former, and both must be complied with to bring an objection to the admission of evidence before the Appellate Division and this court. *Spevack* v. *Budish,* 238 Mass. 215, 217. *Krock* v. *Consolidated Mines & Power Co. Ltd.* 286 Mass. 177. The report contains what is, in substance, a finding of fact by the trial judge that the defendant did not, as required by the statute, file with the clerk a request for a report of the ruling on the admissibility of the bond. Finally no question was spe-

cifically raised with reference to the use in the condition of the bond of the name of the plaintiff in the original action instead of the name of the defendant. But, so far as the matter may be involved in the rulings made, we treat this use of the plaintiff's name as an obvious clerical error which did not vitiate the bond nor affect its interpretation. *Leonard* v. *Speidel,* 104 Mass. 356, 359. *Hewes* v. *Cooper,* 115 Mass. 42.

The questions for our determination are those only which are raised by the disposition by the trial judge of the defendant's requests for rulings. In his disposition of these requests we find no error.

1. As a general statement of law the requested ruling numbered 1 was not accurate. An amendment to a writ and declaration, without notice to the sureties, does not necessarily discharge the sureties on a bond to dissolve an attachment thereunder. See *Dalton* v. *Barnard,* 150 Mass. 473, and *Salvin* v. *Sidman,* 230 Mass. 278, for examples of cases where sureties were not discharged. And the facts of this case as disclosed by the record did not require a ruling that the defendant was discharged as surety.

The only effect of the lack of notice to the defendant of the proposed amendment was that, in the absence of "due notice [to the defendant] of the application for leave to amend and opportunity to be heard thereon" he was not "bound by such allowance," nor precluded thereby from contesting in this proceeding its effect upon his rights. G. L. (Ter. Ed.) c. 231, § 138. *Tucker* v. *White,* 5 Allen, 322. *Norris* v. *Anderson,* 181 Mass. 308, 314. *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285, 286. *Savage* v. *Welch,* 246 Mass. 170, 179–180. Such lack of notice to the surety did not "put an end to his responsibility if the amendment does not subject him to a different burden from the one he undertook when he executed the bond." *Aronow* v. *Gold,* 274 Mass. 65, 68. See also *Eastern Tire Co.* v. *Witter,* 281 Mass. 523, 526–527.

On a correct interpretation of the bond in suit the burden undertaken by the defendant when he executed it was to meet any judgment for the same "cause of action relied

on by the plaintiff when the action was commenced" (G. L. [Ter. Ed.] c. 231, § 138, *Driscoll* v. *Holt*, 170 Mass. 262, 265, *Aronow* v. *Gold*, 274 Mass. 65, 68), recovered against the Massachusetts Live Poultry Company alone or jointly. The bond recites that it was given to dissolve an attachment upon the "goods and estate" of that defendant and describes the action as against that defendant without naming the codefendant. And that defendant executed the bond as sole principal. As was said in *Eveleth* v. *Burnham*, 108 Mass. 374, 375, of a bond similarly phrased and executed, the "obvious purport of this language is, that it refers to a judgment against himself" — the defendant executing the bond as principal. See also *Central Mills Co.* v. *Stewart*, 133 Mass. 461, 463. Compare *Campbell* v. *Brown*, 121 Mass. 516, 519; *Prior* v. *Pye*, 164 Mass. 316, and cases cited. The bond, therefore, is to be interpreted as a bond given in compliance with the provisions of G. L. (Ter. Ed.) c. 223, § 129, authorizing a defendant "whose individual property has been attached in an action against several defendants" to dissolve such attachment by a bond "so conditioned as to apply only to a judgment recovered against such defendant alone or jointly."

A change of parties defendant in an action does not as matter of law destroy the identity of the cause of action. *Eaton* v. *Walker*, 244 Mass. 23, 29. See also *Wright* v. *Herrick*, 125 Mass. 154, 157. And the record does not disclose facts showing that a new cause of action was added by the amendment of the writ and the declaration. See *Dalton* v. *Barnard*, 150 Mass. 473, 474–475.

Furthermore, the judgment recovered by the plaintiff in the action in which the bond was given was a judgment such as is described in the bond. While the record is not wholly clear, it is apparent that the judgment entered in the earlier action was a joint judgment against the principal obligor on the bond, the Massachusetts Live Poultry Company, and Mary Riseman, and there is no contention to the contrary.

The discontinuance against Max Riseman after the bond was given, considered by itself, did not take the judgment later entered out of the terms of the bond, since there is

"nothing in the bond which limits it to a joint judgment" against the original defendants in that action. *Sanderson* v. *Stevens,* 116 Mass. 133, 134. This is well settled where the usual statutory bond to dissolve an attachment is given (G. L. [Ter. Ed.] c. 223, § 120, *Poole* v. *Dyer,* 123 Mass. 363, *Dalton* v. *Barnard,* 150 Mass. 473, *Patch* v. *Robbins,* 261 Mass. 496, 501) and is even more clearly true in the case of a bond such as is here in suit. See G. L. (Ter. Ed.) c. 223, § 129. A judgment against the Massachusetts Live Poultry Company only clearly would have been within the terms of the bond.

And the addition by amendment of Mary Riseman as a party defendant did not take the judgment out of the terms of the bond. This proposition is supported by *Salvin* v. *Sidman,* 230 Mass. 278, where, in an action on a bond given to dissolve attachment in an action brought against one defendant it was held that the addition by amendment of another defendant without notice to the surety and the recovery of a judgment against both defendants did not discharge the surety. In that case it was said "the amendment did not alter or affect the defendant's liability — its allowance simply added a party defendant who, with the original defendant, became liable to the plaintiff for the debt upon the entry of judgment. . . . The defendant's obligation as surety on the bond is that [the original defendant] . . . will pay the judgment and costs within thirty days from the date of its entry against her. The allowance of the amendment created no greater or different liability than existed before, and did not make the defendant chargeable for any default on the part of . . . [the defendant added by amendment]" (page 280). This language is specially pertinent to the present case where the bond applies to a judgment against the Massachusetts Live Poultry Company, one of the original defendants, alone or jointly, but not to a judgment against another defendant or other defendants only. See *Eveleth* v. *Burnham,* 108 Mass. 374. See also G. L. (Ter. Ed.) c. 223, § 129. And the present case is not distinguishable from the case of *Salvin* v. *Sidman* on the ground that in that case the action was brought against one defend-

ant, since the discontinuance against Max Riseman, considered by itself, put the case in substantially the same position, so far as the sureties were concerned, as if the action had been brought against the Massachusetts Live Poultry Company as the only defendant. See also, in support of the general proposition, *Christal* v. *Kelly*, 88 N. Y. 285. The case is governed by *Salvin* v. *Sidman*, rather than by *Tucker* v. *White*, 5 Allen, 322, *Richards* v. *Storer*, 114 Mass. 101, and *Mathews Slate Co.* v. *Sweeney*, 219 Mass. 285, relied on by the defendant. See *Driscoll* v. *Holt*, 170 Mass. 262, 265; *Aronow* v. *Gold*, 274 Mass. 65, 68.

2. Requests numbered 2 and 3, as the judge ruled, were immaterial if the cause of action, stated by the declaration after the amendment, was that for which the action was intended to be brought. G. L. (Ter. Ed.) c. 231, § 51.

3. There was no error in the denial of request numbered 4. The question raised thereby, so far as it was a matter of law, was disposed of by the admission of the bond in evidence and, as already pointed out, the admissibility of the bond is not before us for review. See Wigmore, Evidence (2d ed.) § 2135.

*Order dismissing report affirmed.*