Pettingell, J.
This case went to the Appellate Division on the issue of the allowance of an amendment substituting a new plaintiff. The Appellate Division found error in the denial of the motion to amend, allowed the motion and ordered judgment for the plaintiff. The order of the Appellate Division was received by the Clerk of the District Court, Wednesday, May 6, 1936, and on the next day, May *355 7th, notices of the decision and order of the Appellate Division were mailed to the parties of record.
The following Tuesday, May 12th, the plaintiff filed a motion to charge the trustee, who had previously answered that it had funds of the defendant in its possession. The trial judge denied the motion, giving as the reason for his action, that the allowance of the motion to amend, which was without notice to the Trustee, and substituted a new plaintiff, changed the action from the original action into a different and independent one, in which the trustee could not be held chargeable.
The plaintiff, claiming prejudicial error in this disposition of the motion to charge the trustee, again brings the matter to the Appellate Division.
Three issues are presented for decision. The first is whether the plaintiff has waived its rights as against the trustee. Although the trustee answered in November, 1934, that it had funds, no action was taken to charge it until May 12, 1936. In the meantime the case had been twice to the Appellate Division which, on the second appeal, ordered judgment to be entered for the plaintiff.
It is now suggested that this order of the Appellate Division, in effect discharged the trustee, on the theory that if the plaintiff takes judgment against the principal debtor before the trustee is charged, he thereby waives his claim against the trustee.
The earliest case in which this principle appears is Jarvis v. Mitchell, 99 Mass. 530, in which the plaintiff, having taken an appeal from an order discharging the trustee, subsequently and while the appeal was pending, took out execution against the defendant. It was held that by so doing he waived his appeal. The principle stated in that case was affirmed in Dalton-Ingersoll Co. v. Fiske, 175 *356 Mass. 15, at 17, and in Barry v. N. Y. Holding & Construction Co., 226 Mass. 14, at 20; (see, also, Kelly v. Foley, 284 Mass. 503, at 507, 508.)
In each of those eases, however, the plaintiff manifested a definite election between two inconsistent remedies, an election which was wholly voluntary and within the plaintiff’s control. In the present case there is no such election by the plaintiff. At the time of the second appeal, the issue was the allowance of the motion to amend the declaration. The case was not then ripe for judgment because the trustee had not been charged or discharged; Gifford v. Rockett, 119 Mass. 71, at 72; (See, also, Kelly v. Foley, 284 Mass. 503, at 507) and should not have been allowed to go to the Appellate Division in that condition. That defect, however, was not called to the attention of the Appellate Division, when it attempted to make a final disposition of the case, and its action was binding and not affected by the fact that the case was not ripe for judgment, Weil v. Boston Elevated Railway, 216 Mass. 545, at 546, 548.
The taking of the case to the Appellate Division on an interlocutory matter cannot be construed as an election by the plaintiff to abandon its claim against the trustee, because there is nothing inconsistent in the two matters. Nor has the plaintiff, since the return of the case to the District Court, taken any action which shows an intention to abandon the plaintiff’s claim against the trustee or to waive the plaintiff’s rights against it. The only positive action taken by the plaintiff was a motion to charge the trustee which is far from an abandonment or a waiver.
It is further urged, however, that the motion to charge the trustee came too late because judgment had already been entered against the defendant.
The order of the Appellate Division for judgment for the plaintiff was received by the Clerk of the District Court *357 May 6th. That order does not in itself constitute judgment. By G. L. (Ter. Ed.) Ch. 231, §110, the Appellate Division, has in some particulars, the same power relating to civil actions given hy designated sections of the Statutes to the Supreme Judicial Court. Among these powers is that contained in G. L. (Ter. Ed.) Ch. 231, §124, under specified conditions, to “direct that such judgment or decree be entered” as shall accord with the determination of the full court. The action of the Appellate Division in ordering judgment for the plaintiff was based on the cited statutory provisions, and was an order to the District Court for the entry of judgment. It was not an entry of judgment. ‘ ‘ The difference between a ‘judgment’ from which alone under the earlier statutes an appeal could be taken to the Court and ‘any order’ of the kind described, from which appeal lies under the present statute, is too plain to require elucidation”. Cheraska v. Ohanasian, 259 Mass. 341, at 345.
When the order for judgment was received by the District Court, judgment was not automatically entered. The right of the defendant to appeal from that order had to be regarded. No judgment could be entered in the District Court on the order until the period had passed within which an appeal could be taken. Everett-Morgan Co. v. Boyajian Pharmacy, 244 Mass. 460, at 462; Burnham v. Dollard, 269 Mass. 530, at 531. By G. L. (Ter. Ed.) Ch. 231, §109, the defendant was entitled to five days within which to claim an appeal. According to Sweeney v. Morey Co., 279 Mass. 495, at 502, 503, the time of the receipt of notice of the order is when the statutory period allowed for an appeal begins to run. As the docket entries show that the notices in this instance were mailed Thursday, May 7th, it is inferable that the notices were not received by the parties until Friday, May 8th. In that case, May 10th being Sun *358 day, the five day appeal period would not have expired until the close of business May 13th. If the notices were received the day they were mailed, the defendant would have had until the close of business, May 12th. The plaintiff’s motion to charge the trustee was filed, May 12th. In either contingency, the plaintiff’s motion to charge was filed before judgment could have been entered, which, undoubtedly, was Friday, May 14th. The docket entries do not show the entry of a judgment on May 14th, or at any other time.
No judgment, therefore, had been entered when the plaintiff filed its motion to charge the trustee. As has been pointed out previously, the plaintiff is not chargeable with any conduct or action which can be interpreted as an abandonment or waiver of its rights against the trustee. There was, therefore, no reason, as far as the record is concerned, why the plaintiff’s motion was not properly before the court.
There remains for consideration the reason stated by the trial judge for the denial of the motion to charge the trustee..
Amendments in trustee actions, substituting new plaintiffs, do not necessarily affect the liability of the trustee. In Vermilyea v. Roberts, 103 Mass. 410, when such an amendment was allowed, the court said, at page 411:
“By the amendment, the action became one against S. M. Roberts, otherwise called Lydia J. Roberts, and the defendant has submitted to judgment. The trustee admits that he would be chargeable as trustee of that person. As the judgment is against that person, he must be charged. The judgment will protect him against any claim which she may make against him. ’ ’
For other cases in which trustees have been held not discharged by amendments changing the name of the plaintiff, *359 see West v. Platt, 116 Mass. 308; Connelly v. Dionne Trucking Inc., 236 Mass. 460, at 462.
The decisive issue is not whether the amendment lets in a new party, but whether it subjects the trustee to a new or increased liability. In this aspect of the case, the situation is analogous to the liability of a surety when there has been an amendment bringing in a new plaintiff. G. L. (Ter. Ed.) Ch. 231, §138, provides that third persons shall not be bound by the allowance of such an amendment unless they have had due notice and an opportunity to be heard. The courts have held, however, that this statute applies only if the amendment creates a greater liability for the surety or other third person. Poole v. Dyer, 123 Mass. 363, at 364; Doran v. Cohen, 147 Mass. 342, at 343; Driscoll v. Holt, 170 Mass. 262. at 264; Norris v. Anderson, 181 Mass. 308, at 314; Salvin v. Sidman, 230 Mass. 278, at 279, 280; Massachusetts Building Finish Co. v. Brenner, 288 Mass. 481 at 485.
In Cain v. Rockwell, 132 Mass. 193, an amendment was allowed, without notice to. the trustee, changing the name of the plaintiff from Mary Cain to Ann Cain. The court in refusing to discharge the trustee, said, at page 194:
“As stated by Mr. Justice Wilde in Haven v. Snow, 14 Pick. 28, ‘amendments in form merely, will not dissolve an attachment, so as to let in subsequently attaching creditors, or discharge bail. To have this effect, the amendment must be such as may let in some new demand, or new cause of action.’ ”
Substitution by amendment of the real person in interest for the original plaintiff does not bring in a new cause of action or create a different action. Lewis v. Austin, 144 Mass. 383, at 384; Shapiro v. McCarthy, 279 Mass. 425, at 431.
The failure to give notice as required in G-. L. (Ter. Ed.) Ch. 231, §138, does not constitute a final and absolute defence for the one who should have been notified.
*360 “The only effect of the lack of notice to the defendant of the proposed amendment was that ****** he was not ‘hound by allowance’ nor precluded thereby from contesting in this proceeding its effect upon his rights. ****** Such lack of notice to the surety did not ‘put an end to his responsibility if the amendment does not subject him to a different burden from the one he undertook when he executed the bond. ’ ’ ’ Massachusetts Building Finish Co. Inc. v. Brenner, 288 Mass. 481, at 485.
The trial judge seems to have dsposed of the motion oh the theory that the failure to give the trustee notice of the proposed amendment constituted, per se, a complete defence against liability. He ruled that, “the Trustee, having had no notice of the motion to substitute the new Plaintiff cannot now be held chargeable as Trustee.” This is not the law. He can be held chargeable, despite the lack of notice, unless it appears that by the amendment his original liability has been increased. The ruling constituted prejudicial error.
The denial of the motion to charge the trustee, is reversed and the motion is allowed. Judgment is then to be entered for the plaintiff.