CHARLES CARROLL, Chief Judge.
On August 5, 1964, the appellant, who was the plaintiff below and who will be referred to as such, filed a complaint in the civil court of record for Dade County, against Houston Air Craft Sales, Inc. and George C. McAlpin as defendants, alleging that on February 24, 1964, the parties entered into a contract for purchase of a certain aircraft by the former from the latter. Houston Air Craft Sales, Inc. was alleged to have been the owner with McAlpin, or in the alternative the agent of McAlpin, who was alleged to have “some title or other interest in the said aircraft,” and to have affirmed and ratified the offer of sale thereof made to the plaintiff by Houston. It was further alleged that the sale was not consummated due to the inability of Houston and McAlpin to provide a clear title, and that meanwhile the plaintiff had expended $4,500 “for repairs, improvements, payment of various charges and expenses in attempting to clear title on the said aircraft.” The plaintiff sought damages from the defendants in that amount, on the theory of unjust enrichment.
The defendants were served by publication as nonresidents, and the aircraft was attached. As authorized by § 76.18 Fla. Stat., F.S.A., the aircraft was restored to defendants upon the execution by McAlpin of a forthcoming bond on which Maryland National Insurance Company of Cincinnati, Ohio, was the Surety. Thereafter Mc-Alpin gave the Houston company a bill of sale to the aircraft, and it was then sold by the latter to a third party. Defendants appeared and filed an answer and counterclaim. They denied the allegations of the complaint other than those describing the parties, and pleaded another suit pending, to-wit: a suit by a plaintiff against them in the circuit court seeking specific performance on the contract.
On December 15, 1965, the plaintiff filed a suggestion of death reciting the death of the defendant George C. McAlpin “on or about the latter part of the year 1964,” and requesting an order substituting his widow, Betty M. McAlpin, as his community survivor. An order for such substitution was granted on January 20, 1966.
Plaintiff filed an amended complaint on February 4, 1966, adding as a defendant *208 “Betty M. McAlpin, as community survivor of George C. McAlpin, deceased.” The amended complaint continued George C. McAlpin as one of the named defendants notwithstanding his prior death.
A motion to strike the amended complaint was filed on behalf of the Houston company and the deceased George C. Mc-Alpin. The motion did not include and was not filed on behalf of Betty M. McAlpin. That motion was denied.
The widow was not served with the order of substitution or with any process. No pleading was filed on her behalf. As recited in the judgment, the defendants did not appear for trial. Defaults were entered against them. Proof was submitted by the plaintiff by affidavits, and judgment was entered for $4,168.39 plus certain costs against the Houston Air Craft Sales, Inc., Betty M. McAlpin “as community survivor of George C. McAlpin, deceased” and Maryland National Insurance Company (surety on the forthcoming bond). The surety company moved the court to set aside the judgment, on the ground that because of the death of McAlpin during the pendency of the attachment action, with no appointed personal representative of the deceased defendant having been made a party, no service having been made on the widow and she not having appeared in the cause, the judgment was not lawfully entered against the said defendants. The motion was granted and the judgment was set aside as to Betty M. McAlpin and the surety company. The plaintiff then filed this appeal from that order.
Rule 1.19, now rule 1.260 RCP, 30 F.S.A., dealing with substitution in the event of death of a party, provides in subsection (a) (1) that if substitution is not sought within 90 days after suggestion the action will be dismissed as to the deceased party, and provides that the motion for substitution and notice of hearing shall be served “upon persons not parties in the manner provided for the service of a summons.” The only service attempted here was notice to the attorney of record for the original defendants Houston Air Craft Sales, Inc. and the deceased, George C. McAlpin. We must reject the contention of the appellee that the lawyer also represented Betty M. McAlpin. On the contrary, the record discloses no pleadings filed on behalf of Betty M. McAlpin, and it contains a statement by the attorney that he did not represent her in the cause.
By § 76.31 Fla.Stat., F.S.A., the liability of the surety of a forthcoming bond is fixed by final judgment against the defendant. See 3 Fla.Jur., Attachment and Garnishment § 149; 6 Am.Jur.2d, Attachment and Garnishment § S46. Here the trial court concluded, and correctly so on this record, that no valid judgment had been entered against the defendant McAlpin (principal on the forthcoming bond) or on any duly substituted successor in interest following his death. Since the forthcoming bond by its nature is one dealing with satisfaction of a judgment against defendant, such judgment is necessary to impose liability on the surety. See Massachusetts Building Finish Co. v. Brenner, 288 Mass. 481, 193 N.E. 355. In the absence of a valid judgment against the defendant McAlpin (principal on the bond), or against a properly joined representative or successor in interest after his death during the pendency of the cause, the judgment against the surety was not authorized.
In those circumstances we find no basis for disturbing the order of the trial court which vacated the judgment as to Betty M. McAlpin and the surety company.
Affirmed.